Linda MARONEY

v.

Edward MARONEY.

No. 92–585–Appeal.

Supreme Court of Rhode Island.

July 7, 1994.

Robert M. Brennan, Providence, for plaintiff.

David J. Kehoe, Christopher G. Kehoe, Kehoe & Kehoe, Warwick, for defendant.

## OPINION

PER CURIAM.

This matter was before the Supreme Court pursuant to an order directing both parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

The trial master did not abuse his discretion in ordering defendant, Edward J. Maroney, to pay child support in the amount of $150 per week. The trial court properly considered the income from defendant's disability pension in addition to defendant's weekly earned income in reaching the child-support figure. *Thompson v. Thompson,* 642 A.2d 1160, 1162 (R.I.1994).

The trial master's award of attorney's fees to plaintiff, Linda Maroney, for the benefit of the child was also proper. It is within the trial court's discretion to determine the need and amount of counsel fees to be awarded. *Fricke v. Fricke,* 491 A.2d 990, 996 (R.I.1985). After considering the relative incomes and assets of the parties, the trial master determined that plaintiff, on behalf of the child, had the need and defendant had the ability to pay the $1,500 award. The trial master did not abuse his discretion in so finding.

The trial court did not abuse its discretion in awarding sole physical custody of the child to plaintiff. Provided that the trial court considers the best interests of the

child, this court will not disturb the discretionary award of child custody. *Cok v. Cok*, 479 A.2d 1184, 1189 (R.I.1984). The evidence presented during trial revealed that defendant had a problem with alcohol, physically abused plaintiff, and felt a great amount of animosity toward her. Therefore, the trial court believed that a joint-custody order was not a viable option. The defendant has pointed to no evidence that indicates the trial court abused its discretion in finding that it was in the child's best interest that sole physical custody be awarded to plaintiff.

We summarily reverse the trial master's order requiring the defendant to retain the plaintiff as the beneficiary of his disability pension until entry of final judgment and thereafter to maintain the son as the beneficiary until the child reaches the age of majority. A disability pension is not a marital asset subject to equitable distribution. *Thompson*, 642 A.2d at 1162. Therefore, the court is without power to mandate the disposition of the funds. The defendant has the exclusive authority to designate a beneficiary for his disability pension. The designation of the son as beneficiary does not constitute a child-support order because the defendant's obligation to support his minor child terminates with the defendant's death.

For these reasons the appeal is sustained in part and denied in part, the judgment appealed from is affirmed in part and reversed in part, and the papers of the case are remanded to the Family Court.

WEISBERGER, Acting C.J., did not participate.